**Octre Hall PETERSEN, Appellant,**

v.

**Peter Richard PETERSEN.**

Court of Appeals of Kentucky.

April 28, 1972.

William Katzinski, Oldham & Katzinski, Louisville, for appellant.

Chester Allen Vittitow, Jr., Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

VANCE, Commissioner.

This is an appeal from a judgment in a divorce action which was entered prior to our decision in Colley v. Colley, 460 S.W. 2d 821 (1970). It involves questions of property settlement and alimony.

Peter Richard Petersen (hereinafter referred to as "husband") and Octre Petersen (hereinafter referred to as "wife") were married in November 1948. The complaint for divorce was filed in 1967.

At the time of their marriage neither of the parties had any accumulation of money or property. At the time of the separation the husband operated a furniture business in Louisville, Kentucky, with substantial credit sales. The inventory of merchandise and equipment was valued at approximately $6,000. Accounts receivable amounted to $140,000, although the husband estimated the actual value of the accounts to be $35,000 to $40,000.

During the marriage the parties acquired two houses, one located in Indiana and the other in Louisville. The residence in Indiana was unencumbered and its value determined by the chancellor at $10,000. The Louisville residence was occupied by the parties prior to their separation. It is mortgaged and the chancellor found the equity to have a value of $5,000.

A divorce was granted to each of the parties. The wife was awarded the residence in Louisville, subject to the mortgage, and the household furniture as lump sum alimony. She was awarded additional alimony of $300 per month for a period of 48 months. The husband was awarded the residence in Indiana and the inventory, equipment and accounts receivable of the furniture business.

The wife contends that the trial court erred in (1) limiting her to one witness at the trial of the actions, (2) refusing to allow cross-examination of the husband relative to his expenditures, and (3) failing to award adequate alimony.

As to the first complaint, the court entered a pretrial order directing that each party furnish the court and opposing coun-

sel a list of all witnesses which each party would use at the trial. The order directed that witnesses not so listed would not be permitted to testify. The wife failed to comply with the order.

 In one instance the court sustained an objection to a question directed to the husband concerning an expenditure. The record does not show by avowal what the witness would have answered and the wife's attorney did not make known to the court the specific purpose of the question, nor was the line of interrogation pursued further. This court is not able to say that the ruling of the trial court materially affected the outcome of the litigation.

With regard to the complaint that the amount allowed as alimony was inadequate, it is noted that the trial court made no distinction between property awarded to the wife as a division of property accumulated during the marriage and property awarded to her as alimony. Such a distinction is envisioned in *Colley*, supra.

All of the property owned by the husband and wife at the time of their separation was property accumulated by them during their marriage. Both residences and all of the assets of the furniture enterprise, including the accounts receivable, were accumulated as the result of their team effort.

The chancellor should make a fair and reasonable division of this accumulated property, giving due allowance to the contribution of the wife as a housekeeper, companion and mother, as well as to actual services rendered by her to the husband's business enterprise and investment of money, if any, therein.

After making the property division the question of alimony can then be considered under the guidelines established in *Colley*, supra.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.